UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      No. 1:17-CR-13

v.

      Hon. Robert J. Jonker
      Chief United States District Judge

MATTHEW JOHN ANDALUZ,

      Defendant.

_____/

PLEA AGREEMENT

This constitutes the plea agreement between the defendant, MATTHEW JOHN ANDALUZ, and the U.S. Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.    The Defendant Agrees to Plead Guilty. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges him with Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) and (e).

2.    The Defendant Understands the Crime. For the defendant to be guilty of Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) and (e), the following must be true:

(A) First: The defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

(B)  Second:

> The visual depiction was produced or transmitted using materials that were mailed,
> shipped, or transported in or affecting interstate or foreign commerce by any means,
> including computer.
>
> OR
>
> The visual depiction was actually transported or transmitted (i) using any means or
> facility of interstate or foreign commerce, or (ii) in or affecting interstate or foreign
> commerce.

The defendant is pleading guilty because he is guilty of the charge described above.

3.    <u>The Defendant Understands the Penalty</u>.  The sentence the Court can impose for a
violation of 18 U.S.C. § 2251(a) and (e) is the following:

| | |
|---|---|
| <u>Imprisonment</u>: | Not less than 15 years and not more than 30 years; |
| <u>Fine</u>: | Up to $250,000; |
| <u>Supervised Release</u>: | Not less than 5 years and up to life; and |
| <u>Mandatory Special Assessment</u>: | $100. |

The defendant agrees to pay the special assessments at or before the time of sentencing
unless the defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4.    <u>Supervised Release Defined</u>.  Supervised release is a period of time following
imprisonment during which the defendant will be subject to various restrictions and requirements.
The defendant understands that if he violates one or more of the conditions of any supervised
release imposed, he may be returned to prison for all or part of the term of supervised release,
which could result in him serving a total term of imprisonment greater than the statutory maximum
stated above.

2

5. <u>Mandatory Restitution</u>. The defendant understands that he will be required to pay full restitution as required by law. <u>See, e.g.</u>, 18 U.S.C. § 2259. The defendant also agrees to make full restitution to all of the victims of his sexual exploitation. The defendant agrees that the restitution order is not restricted to the loss related to the Count to which he is pleading guilty.

6. <u>Sexual Offender Registration</u>. The defendant acknowledges and agrees that he must register as a sex offender in all applicable jurisdictions, including, but not limited to, the jurisdictions where he was convicted, resides, works, and attends school. The defendant understands that failure to register may subject him to criminal prosecution.

7. <u>Asset Forfeiture and Abandonment</u>. The defendant agrees to the forfeiture of all visual depictions described in 18 U.S.C. § 2251; any matter containing such visual depictions that were produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and any property, real or personal, used or intended to be used to commit or to promote the commission of the offense or any property traceable to such property. Specifically, the property the defendant must forfeit includes a Nikon D3000 camera, serial number 3437590. As necessary, the defendant agrees to execute paperwork provided to him by the United States to effectuate the forfeiture of the camera.

The defendant also agrees to abandon to HSI the items listed below, which were seized by law enforcement officials on December 16, 2016. The defendant further agrees to execute any abandonment forms necessary forms to accomplish this abandonment.

- SanDisk Cruzer Glide 16 GB thumb drive, serial number 200548573011D350 79E2;

- Unbranded desktop computer, containing a 1.0 TB Western Digital hard drive, serial number WCATR7226242; and

■ Any other device found to contain child pornography.

8. <u>Factual Basis of Guilt</u>. The defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

Starting on or about December 7, 2010 and continuing to at least on or about January 17, 2011, the defendant used a Nikon digital camera to take pornographic images of Victim1, who was 10 years old at the time. The images depict the lewd and lascivious exhibition of the genitals and pubic area of the child, and they further depict the child engaging in other sexually explicit conduct, to include masturbation. The focus of the images is on the child's genitals and pubic region. The defendant took these photographs while he and the victim were in Springfield, Michigan, which is in Calhoun County in the Western District of Michigan.

After the defendant created the images, he used a computer to send them to others via the Internet. Copies of the images that the defendant created in Michigan have been identified in at least 12 other federal and state investigations. Specifically, images have been found in the State of Washington, State of Vermont, and elsewhere.

The Nikon camera the defendant used to take the pictures and the computer he used to distribute them were manufactured outside the state of Michigan.

On December 16, 2016, law enforcement officers executed a search warrant at the defendant's residence in Battle Creek, Michigan. They seized, among other things, the Nikon camera used to create the child pornography discussed above, as well as some of the items (e.g., sex toys) depicted in the child pornography images. They also seized a SanDisk Cruzer Glide 16 GB thumb drive, and a 1.0 TB Western Digital hard drive, both of which contained child pornography.

4

9.    The U.S. Attorney's Office Agrees.

a.    <u>Dismissal of Other Counts/Charges</u>. The U.S. Attorney's Office agrees to move to dismiss the remaining count(s) of the Indictment at the time of sentencing. The defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, the defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

b.    <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose the defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to the defendant's request if it subsequently learns of conduct by the defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1.

c.    <u>No Additional Charges</u>. The U.S. Attorney's Office agrees not to bring additional charges involving the production, distribution, receipt, or possession of child pornography or images of children engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2251(a), 2252A(a)(2)(A), 2252A(a)(5)(B), 2252(a)(2)(A), and 2252(a)(4)(B), provided that such conduct is disclosed to the U.S. Attorney's Office by the defendant or his attorney prior to the date of this agreement. The defendant will remain subject to prosecution for any criminal activity he has failed to disclose to the U.S. Attorney's Office prior to the date of the agreement. This promise of non-prosecution will not include crimes of violence (other than those specified above), if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). The defendant agrees, however, that in determining the

5

sentence the Court may consider uncharged, relevant conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement the defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

        d.    <u>Prison Placement</u>. The U.S. Attorney's Office will not object to a request by the defendant that the Court recommend that he be confined at any particular institution. Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference to the Court's recommendation, the Bureau is not required to follow the Court's recommendation.

      10.    <u>The Sentencing Guidelines</u>. The defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing him. The defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The defendant understands that he and his attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory minimum and maximum penalties described elsewhere in this Agreement. The defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

11.     There is No Agreement About the Final Sentencing Guidelines Range. The
defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing
Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any
sentence within the statutory minimum and maximum, and to argue for any criminal history
category and score, offense level, specific offense characteristics, adjustments and departures.

12.     Waiver of Trial Rights. By pleading guilty, the defendant gives up the right to
persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As
a result of the defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the
Court, the defendant would have had the following rights:

a.     The right to the assistance of counsel, including, if he could not afford an
attorney, the right to have the Court appoint an attorney to represent him.

b.     The right to be presumed innocent and to have the burden of proof placed
on the Government to prove him guilty beyond a reasonable doubt.

c.     The right to confront and cross-examine witnesses against him.

d.     The right, if he wished, to testify on his own behalf and present evidence in
opposition to the charges, including the right to call witnesses and to subpoena those witnesses to
testify.

e.     The right not to be compelled to testify, and, if he chose not to testify or
present evidence, to have that choice not be used against him.

By pleading guilty, the defendant also gives up any and all rights to pursue in this Court or
on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other
pretrial motions that have been filed or could be filed.

13.     <u>Waiver of Appeal and Collateral Attack</u>.

a.     <u>Waiver</u>:  In exchange for the promises made by the government in entering this plea agreement, the defendant waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

b.     <u>Exceptions</u>:  The defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

i.     the defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

ii.     the defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

iii.     the district court incorrectly determined the Sentencing Guidelines range, if the defendant objected at sentencing on that basis; or

iv.     an attorney who represented the defendant during the course of this criminal case provided ineffective assistance of counsel.

If the defendant appeals or seeks collateral relief, the defendant may not present any issue in the proceeding other than those described in this subparagraph.

14.     <u>The Court is not a Party to this Agreement</u>.  The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  The defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, he cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement.  The defendant understands that no one – not the prosecutor, the defendant's attorney, or the Court –  can make a binding

prediction or promise regarding the sentence he will receive, except that it will be within the statutory minimum and maximum.

15. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by the defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

16. <u>Consequences of Breach</u>. If the defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which he would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

17. <u>Deadline for Acceptance of Agreement</u>. This agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless (1) a copy of this agreement, executed by the defendant and defense counsel is returned to the U.S. Attorney's Office by noon on **June 5, 2017**, and (2) the defendant enters a plea of guilty by **June 7, 2017**. The U.S. Attorney's Office may, in its sole discretion, choose to accept an executed agreement after that date.

18.   <u>This is the Complete Agreement</u>.  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.   No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

ANDREW BYERLY BIRGE
Acting United States Attorney

Date: ___June 6___, 2017

_____
SEAN M. LEWIS
Assistant U.S. Attorney


I have read this agreement and carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement.  No promises or inducements have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

Date: _June 5th_, 2017

_Matthew Andaluz_____
MATTHEW JOHN ANDALUZ
Defendant


I am MATTHEW JOHN ANDALUZ's attorney.  I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: _June 5th_, 2017

_Helen C. Nieuwenhuis_
HELEN C. NIEUWENHUIS
Attorney for the Defendant

Mr. Andaluz informed
Email on June
5th of his decision.

10