UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff,                           No. 1:17-CR-13-1

v.                                             Hon. Robert J. Jonker
                                             Chief U.S. District Judge

MATTHEW JOHN ANDALUZ,

                  Defendant.

_____/

## UNITED STATES' SENTENCING MEMORANDUM

The defendant stands before the Court convicted of Sexual Exploitation of a Child.  The United States of America respectfully requests that the Court impose a within-guideline sentence of 360 months of incarceration, to be followed by lifetime supervised release.

### I.    FACTS

The Trial Brief (R.32), Plea Agreement (R.40), and the Presentence Report (R.47) thoroughly set forth the offense conduct in this case.  For present purposes, it is sufficient to note the following.

In or about 2009, the defendant and E.E. met online.  In late 2009, the defendant moved from New York to live with E.E. in the Battle Creek area.  E.E. was then living with her two children, Child1 and Child2.  Child1 was a minor female of approximately 9 years of age, and Child2 was her younger brother.

In June 2010, the defendant purchased a Nikon D3000 camera from a Best Buy store in Battle Creek, Michigan.  The camera was made in Thailand.

In late 2010 and early 2011, the defendant used this Nikon camera to take a series of pornographic images of Child1, who was approximately 10 years old at the time.  The images depict the lewd and lascivious exhibition of the genitals and pubic area of the child, and they further depict the child engaging in other sexually explicit conduct, to include masturbation.  The focus of the images is on the child's genitals and pubic region.  The defendant took these photographs while he and the victim were living together in the same residence.  The defendant then distributed these images to others via the Internet.  These images have come to be known as the "Cord Over Brown" series of child pornography.  Copies of these images have been identified in at least 12 other federal and state investigations.

The defendant not only created images of Child1 engaged in sexually explicit conduct, he also sexually abused her on numerous occasions from the time she was approximately 10 years old until she was approximately 13 years old.  In addition, as is common in cases such as this one, the defendant groomed Child1 for abuse and exploitation by showing her pornography and providing her with sex toys.  He also warned her not to tell.

On December 16, 2016, law enforcement officers executed a search warrant at the defendant's residence in Battle Creek, Michigan.  They seized, among other things, the Nikon camera used to create the child pornography discussed above, as well as some of the items (e.g., sex toys) depicted in the child pornography images.  They also seized a SanDisk Cruzer Glide 16 GB thumb drive, and a 1.0 TB Western Digital hard drive, both of which contained additional images and videos of child pornography.

## II.  SECTION 3553(a) FACTORS

### A.  The Nature and Circumstances of the Offense

The nature and circumstances of the offense are summarized above and in the Presentence Report.

### B.  The History and Characteristics of the Defendant

The Presentence Report reflects the history and characteristics of the defendant.  The defendant's conduct in sexually exploiting children started in at least 2010 and continued until late 2016, when he was arrested.

### C.  The Factors Enumerated in Section 3553(a)(2)

The United States respectfully submits that a within-guideline sentence is needed to adequately account for the factors enumerated in Section 3553(a)(2).

> i.  *The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

The seriousness of the defendant's crimes cannot be overstated.  Crimes involving the sexual exploitation of children are among the most serious offenses there are.  *See, e.g., United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) ("[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses").

Children are amongst the most vulnerable of victims, and Child1 was particularly vulnerable to the defendant because he lived with her and her family.  The child will bear the emotional and psychological scars from the defendant's abuse and exploitation her entire live.  A 30-year sentence is needed to reflect the gravity and seriousness of the defendant's crimes, to promote respect for the law, and to justly punish the defendant.

3

        ii.  *The need for the sentence imposed to afford adequate deterrence to criminal conduct.*

The recommended sentence in this case involves a long period of incarceration.  This period of incarceration will appropriately serve as a deterrent to conduct involving the sexual exploitation of children.  Those who are contemplating offending as the defendant has done must understand the legal system will not tolerate this type of behavior and the consequences will be appropriately severe.

        iii.  *The need for the sentence imposed to protect the public from further crimes of the defendant.*

While incarcerated, defendants are generally unable to sexually abuse and exploit children, either directly or through the possession, receipt, transportation, and distribution of child pornography. Similarly, it is far more difficult for defendants to engage in such conduct while under supervision.  In this case, the United States submits that there is a significant need to protect the public, given the defendant's hands-on conduct with a child, coupled with his continued interest in child pornography.

        iv.  *The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

While incarcerated, the defendant can take advantage of programs and counseling provided by or arranged through the Bureau of Prisons.  This is not to suggest that treatment or rehabilitation is a reason to incarcerate the defendant.  *See Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011) (a prison term may not be imposed or lengthened to foster rehabilitation). Instead, whatever the defendant's needs may be, they are not a reason to impose a shorter sentence because his needs can be met in prison.

D.  The Kinds of Sentences Available

As noted in the Presentence Report, the Court may impose any term of imprisonment between 180 and 360 months.  (R.47: PSR, PageID.209, ¶ 78.)  Incarceration must be followed by a term of supervised release of at least five years and up to life.  (*Id*. at ¶ 81.)

E.  The Advisory Sentencing Guidelines

The applicable Advisory Sentencing Guidelines range in this case is a single point:  360 months of incarceration.  (R.47: PSR, PageID.209, ¶ 79.)

F.  Any Pertinent Policy Statement

The United States is not aware of any pertinent policy statements.

G.  Avoiding Unwarranted Sentence Disparities

Unwarranted sentencing disparities are not an issue in this case.  The United States is requesting a within-guidelines sentence, which reduces the likelihood of unwarranted disparities. The Sixth Circuit has observed that "[t]he point of the guidelines is to decrease sentencing disparities, an objective *furthered* by a within-guidelines sentence, as opposed to a sentence that varies above or below the advisory guidelines range."  *See United States v Waltman*, 529 F. App'x 680, 685 (6th Cir. 2013) (emphasis in original) (affirming a 294–month sentence in a case involving attempted transportation of a minor with intent to engage in criminal sexual activity and attempted travel with intent to engage in illicit sexual conduct); *United States v. Swafford*, 639 F.3d 265, 270 (6th Cir. 2011) (affirming a 360-month sentence in a case involving sale of iodine with knowledge that it would be used to manufacture methamphetamine).

H.  Restitution

18 U.S.C. § 2259 provides that restitution shall be ordered in a case such as this one. Specifically, Section 2259 provides for mandatory restitution "for any offense under [Chapter 110]."  18 U.S.C. § 2259(a).  Chapter 110 includes violations of Section 2251.  *See* Title 18, Chapter 110 (Sexual Exploitation And Other Abuse Of Children).  Moreover, the defendant agreed to make full restitution in the plea agreement.  (R.40: Plea Agreement, PageID.162.)

To date, the United States has not received any particularized requests for restitution.  If any requests are received before sentencing, we will provide those requests to the defense and the Court.

## III.    Victim Impact Statements

As of the date of this memo, Child1 had not submitted a written victim impact statement. If she does so before sentencing, we will submit it to the defense and the Court.

As noted above and in the Presentence Report, the defendant possessed a number of images and videos of child pornography from a number of known child-pornography series.  A number of the victims and/or members of their families have submitted Victim Impact Statements for the consideration of sentencing courts such as this one.   Copies of these statements have been forwarded to U.S. Probation and the defense.   The submitted Victim Impact Statements vividly illustrate the pain and suffering inflicted on victims by the continued trafficking and possession of their images and videos.  Such statements are appropriate for the Court's consideration in fashioning a fair and just sentence in this case.

## IV.    Conclusion

For the reasons set forth above, the United States respectfully requests that the Court impose a within-guideline sentence of 360 months of incarceration, followed by lifetime supervised release.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney


Dated: September 18, 2017                    /s/ Sean M. Lewis
                                             SEAN M. LEWIS
                                             Assistant United States Attorney
                                             P.O. Box 208
                                             Grand Rapids, MI 49501-0208
                                             (616) 456-2404