UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MATTHEW JOHN ANDALUZ,

    Defendant.

_____/

Case No. 1:17-cr-13

Honorable Robert J. Jonker
Chief United States District Judge

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Matthew John Andaluz, is scheduled before Your Honor for sentencing on Monday, September 25, 2017.  Mr. Andaluz submits this Sentencing Memorandum, discussing the issues he would like this Honorable Court to consider when imposing his sentence.

Mr. Andaluz entered a plea to Count I, Sexual Exploitation of a Child, contrary to 18 U.S.C. § 2251(a) and (c).

The defense reviewed the Presentence Investigation Report (PSR) filed by U.S. Probation Officer Jeremy Williams.  There are no outstanding objections by either party to the PSR or the scoring of the guidelines.  Mr. Andaluz's total offense level is 43 and his criminal history category is I.  Statutorily, Mr. Andaluz is subject to a mandatory minimum of 15 years and a maximum of 30 years.  The calculated advisory guidelines are 360 months.

Overall, as the Court is aware, the principle and basic mandate of 18 U.S.C. § 3553(a) requires this Honorable Court to impose a sentencing "sufficient, but not greater than necessary" to comply with the four (4) purposes set for in § 3553(a)(2):

**§ 3553.  Imposition of a sentence.**

> **(a) Factors to be considered in imposition of a sentence.** – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider –
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed –
>>
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>>
>>> (B) to afford adequate deterrence to criminal conduct;
>>>
>>> (C) to protect the public from further crimes of the defendant; and
>>>
>>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner…

18 U.S.C. 3553(a)(2).

In *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006) the court held that after *United States v. Booker*, 543 U.S. 220 (2005), a judge must impose the lowest sentence that is "minimally sufficient" to meet those goals regardless if that sentence is probation, time served, a mandatory minimum sentence, that statutory maximum, or somewhere in between.

Turning to the § 3553(a) factors, the defense would like to highlight some facts concerning Mr. Andaluz.  Mr. Andaluz is 44 years old.  He has no prior criminal history as a juvenile or as an adult.  He has never been incarcerated nor served a prison term.

It is clear from the record that Mr. Andaluz has had significant issues with depression and anxiety. He has attempted suicide on at least five occasions. The first occurred at the early age of 17, and the last, and almost successful attempt, occurred in 2009. Mr. Andaluz was hospitalized, then placed in a psychiatric ward in Queens, New York, where he remained for 17 days. Counsel requested and reviewed the records, however, they are not too helpful. It is clear that Mr. Andaluz, communicated little regarding the issues leading up to his suicide attempt.

It was not long after that Mr. Andaluz met Ms. Elizabeth Evans online. After getting to know each other, Mr. Andaluz moved to Battle Creek, Michigan, relocating from New York. They lived together and were romantically involved for about a year. Then, although they still lived together, they were no longer romantically involved. After Ms. Evans was involved in a car accident, she suffered grave injuries and Mr. Andaluz eventually became her caretaker. Mr. Andaluz shared taking care of Ms. Evans' two children. One of the children, A.E., is the victim in this case.

As the Court is aware, Ms. Evans was originally charged as a co-defendant with Mr. Andaluz. During the course of this case, Ms. Evans committed suicide. Mr. Andaluz has spoken of his deep sense of loss and guilt over her death. He has acknowledged that her children no longer have their mother and the tremendous loss that that entails. In his statement to the presentence writer, Mr. Williams, Mr. Andaluz wrote:

> [Ms. Evans' children] will always be without a mother. I can't fathom how bad this could be for their future. Their trust in others could very well be broken forever.
> PSR p. 8

Mr. Andaluz has expressed extreme remorse for his involvement in this case, as well as the death of Ms. Evans.  It is clear from both his past and this case itself, that Mr. Andaluz greatly needs serious counseling and therapy.  He recognizes that he cannot undue what has been done, but has embraced the idea of getting psychological help.  The first thing he has stated he intends to do with the time while he is incarcerated is receive therapy.  He has a long history of mental health issues and wants to address these so one day he can live a healthy life.  It is clear he has much work to do on addressing his mental illness and in dealing with the guilt he feels for the victim, and what ultimately happened with Ms. Evans.  He intends on taking advantage of any and all opportunities for treatment available to him while incarcerated.

There is no argument by the defense that sexual exploitation of a child is not a most serious offense.  It is, and Mr. Andaluz himself has acknowledged it and knows he must serve at least 15 years and his advisory guidelines are 360 months.  The defense is requesting the Court consider a downward variance for several reasons.  It is clear Mr. Andaluz has no prior record.  Fifteen years of incarceration for an individual who has never been incarcerated before is a very substantial amount of time.  Mr. Andaluz clearly suffers from long-term mental health issues and fifteen years would be a long time to work on those issues.  Mr. Andaluz is 44 years old.  If given a sentence of 30 years, he would be incarcerated until the age of 74.  A 30-year sentence, is under the facts and circumstances of this case, a sentence that is greater than necessary to meet the sentence factors of § 3553(a).  Mr. Andaluz is an extremely remorseful man, who has sincerely expressed his shame and involvement in this case, along with his concern for the victim whom he cares deeply about.  Mr. Andaluz entered a guilty plea in this case and part of the reason for doing so was so the victim, A.E., would not have to testify.  Although, his advisory guidelines are 360 months and his acceptance of responsibility points

do not reduce his total offense level, the defense maintains this result should be factored into a sentence as well.

Regarding acceptance of responsibility, Mr. Andaluz wrote the following to U.S. Probation Officer Williams:

> It was something that should never have been or even entertained.  It was one of the worse things that could have been done to a kid and a family.  It was and is beyond all understanding of the word WRONG and something I wish I could undo.
> PSR p. 8

Based on the above-noted analysis, and when reviewing the factors enumerated in 18 U.S.C. § 3553(a), along with all the facts and circumstances of Mr. Andaluz and this case, the defense is respectfully requesting this Honorable Court consider as low a sentence as possible, after the mandatory 15 years, which would be "sufficient, but not greater than necessary", to comply with the purposes of sentencing set forth in § 3553(a).

Respectfully submitted,

SHARON A. TUREK
Federal Public Defender

Dated:  September 20, 2017

/s/ Helen C. Nieuwenhuis
HELEN C. NIEUWENHUIS
Assistant Federal Public Defender
50 Louis NW, Suite 300
Grand Rapids, Michigan  49503
(616) 742-7420